IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| TODD JACK | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:13-cv-350 |
| | ) | |
| VIRGINIA EMPLOYMENT COMMISSION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

*FILED JUN 2 5 2013 CLERK U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA*

## MEMORANDUM OPINION

This matter comes before the Court on Defendant's Motion to Dismiss and on Plaintiff's Motion for a More Definite Statement.

Pro se Plaintiff Todd Jack, in his one page Complaint, alleges that the Defendant, Virginia Employment Commission ("the Commission"), refused to implement its own order and pay the Plaintiff unemployment compensation benefits. Plaintiff alleges that the Commission violated, "1) US Constitutional Law (i.e. Fifth Amendment), by holding a new trial with respect to an administrative action of fraud, 2) Federal unemployment law with respect to mis-appropriations; by denying the Plaintiff of later stage unemployment benefits which came directly from the U.S. Government, and 3) Common law belief of preventing the loss of life, liberty, and pursuit of happiness through judicial mis-justice/prejudice."

On October 15, 2012, Plaintiff filed a Petition for Judicial Review of the Commission decision of which he currently complains to the Circuit Court for the City of Winchester, Virginia, pursuant to section 60.2-625(A) of the Code of Virginia. On February 28, 2013 the Circuit Court of the City of Winchester entered an Order dismissing Plaintiff's Petition with prejudice and affirming the Commission decision. The Plaintiff has issued a notice of appeal to the Court of Appeals of Virginia to appeal the dismissal.

The Commission is tasked with administering the Virginia Unemployment Compensation Act ("the Act") and has the power to adopt, amend, or rescind rules and regulations, employ persons, make expenditures, and report, investigate and take other action it deems necessary or suitable to administer the Act. Va. Code Ann. §§ 60.2-100 et seq. and 60.2-111 (2012).

Defendant moves this Court to dismiss the case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because Plaintiff's claims are barred by the "Rooker Feldman" doctrine and the frivolous nature of the Complaint.

This case is a second attempt by the Plaintiff to use the courts to sue the Commission for their decision. The same parties were sued by this Plaintiff in state court, alleging

that his federal and state rights were violated by the Virginia Employment Commission. The previous case in the Circuit Court for the City of Winchester makes the same allegations as this instant Complaint and seeks the same remedies. As previously noted, the state complaint was dismissed with prejudice. The state court hearing was conducted under § 60.2-625(A) of the Code of Virginia whereby Plaintiff was provided with a judicial proceeding for challenging the Commission's decision.

The federal courts do not have subject matter jurisdiction to hear claims that have been adjudicated in state proceedings of a judicial nature where the federal review would be the equivalent of an appellate review of the state proceedings. Jordahl v. Democratic Party of Va., 122 F. 3d 192, 199 (4th Cir. 1997). Such an impermissible scenario would be present here if the Complaint were allowed to go forward in this Court. The Supreme Court has recognized the "Rooker Feldman" doctrine which embodies the principles of federalism. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Both the Commonwealth of Virginia and the Commission have an established judicial review system for appeals of Commission decisions. Plaintiff should not be permitted to bypass this procedure merely by alleging some constitutional violation in federal court. The ruling sustaining the Commission's decision reflects that the

Plaintiff was provided with a judicial proceeding for challenging the Commission's decision. As such, this Court does not have subject matter jurisdiction to hear the equivalent of an appeal of state proceedings.

Plaintiff's one page Complaint does not cite any facts to support the allegations that Defendant violated federal law. In Davis v. Pak, 856 F.2d 648 (4th Cir. 1988), a due process challenge was brought under 42 U.S.C. § 1983 to an agency's alleged violation of the grievance procedure for state employees. The Fourth Circuit dismissed the appeal on the ground that the claim was so wholly insubstantial and frivolous as to be jurisdictionally defective. It was held that the due process claim was a mere pretext to air this state law claim in federal court. This is just the type of case that the federal courts must take care not to hear, for the Constitution does not contemplate the federal judiciary deciding state law issues among non-diverse litigants. Thus, because Davis' constitutional claim is insubstantial, the district court lacked subject matter jurisdiction. The Supreme Court has also held that, the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, obviously frivolous, plainly unsubstantial, or no longer open to discussion. Hagans v. Lavine, 415 U.S. 528, 536 (1974). As in

Davis, Plaintiff's theory of recovery here is unsubstantial and frivolous and should be dismissed on jurisdictional grounds. The federal courts have an obligation to "guard against the litigant who frames a pretextual federal issue solely for the purpose of having a state law claim adjudicated in the federal system." Davis, 856 F.2d at 651.

For the reasons stated herein, Defendant's Motion to Dismiss should be granted and Plaintiff's Motion for a More Definite Statement should be denied. An appropriate Order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
June 25, 2013